ANDREW HENRY and MARY L. PRINCE, executors, &c., of Frederick A. Prince, deceased, complainants-appellants,

*v.*

JAMES L. THOMPSON, administrator of Sarah E. Moody, deceased, and JAMES A. GORDON, trustee, defendants-respondents.

[Submitted July 10th, 1911.   Decided November 20th, 1911.]

Where two contesting claimants to the proceeds of a life insurance policy consent that the insurance company pay the fund to one, without thereby prejudicing the right of the other to enforce his claim thereto, and where the rights of each depend upon the interpretation of a written contract which does not require reformation, and no discovery is called for, no ground for equitable relief exists. The recipient has a fund which the other claims is unlawfully withheld from him, and, if he is right, he can recover whatever is due him in an action at law, for either the possessor is entitled to retain the fund or bound to pay it over to the other, and this situation presents no ground of equitable jurisdiction.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *78 N. J. Eq. (8 Buch.) 142.*

The Washington Life Insurance Company, by a policy duly

executed and delivered, insured the life of Frederick A. Prince, to the extent of $10,000, payable on his death to his wife, Mary L. Prince, for her sole use, if living, and if not living, to her and her husband's children or their guardian, if under age, for their use, or if no children living then to the executors or administrators of the said Frederick A. Prince. The husband survived his wife, and they had no children, but in 1889, Mary L. Prince assigned all her right, title and interest in the policy to Sarah E. Moody, and guaranteed the validity and sufficiency of the assignment and warranted the title to the policy. The husband consented to the assignment which was expressed as follows: "I hereby consent to the assignment of the within policy by my wife." Sarah E. Moody died January 2d, 1907, and Frederick A. Prince January 15th, 1909, and thereafter, contesting claims being made by the respective representatives of Mrs. Moody and of Mr. Prince, the insurance company refused to pay, unless it was released by both parties from further liability. The claimants then consented to have the money paid to the executors of Frederick A. Prince, and to release the company, subject to the terms of a written agreement made by the claimants that the consent to such payment should not be construed as affecting the right of the administrator of Mrs. Moody to the moneys paid, but that it should be received by the complainants, and by them deposited with the Jersey City Trust Company, there to remain until a court of competent jurisdiction should finally determine which of the claimants was legally entitled thereto. The money was received by the executors of Frederick A. Prince and deposited with the trust company which, with the consent of the parties, issued and delivered to James A. Gordon, as trustee, a certificate of deposit for the amount. Thereupon the executors of Frederick A. Prince filed their bill of complaint in this cause, claiming that under the policy the wife's interest was contingent upon her surviving her husband, and as she did not, that no right to the fund passed to her assignee, and prayed that they be decreed to be entitled to the fund. The administrator of Mrs. Moody answered and substantially admitted the charges set out in the bill of complainants, but denied that the complainants were entitled to relief, and prayed to be dismissed. The defendant

also answered by way of cross-bill, claiming that Mrs. Moody was the sole beneficiary under the policy, and that the consent to the assignment by her husband estops him, and therefore his representative, from claiming the fund. The vice-chancellor heard the case and advised a decree that the complainants' bill be dismissed, and that the defendant, the administrator of Mrs. Moody, under his cross-bill, was entitled to the fund, which Gordon, the trustee, was directed to immediately pay over to the administrator. From this decree the complainants have appealed.

*Mr. James A. Gordon,* for the appellants.

*Mr. Hiram O. Hance,* for the respondents.

The opinion of the court was delivered by

BERGEN, J.

The situation resulting from the facts stated is that two antagonistic claimants to the fund due from the insurance company agreed that payment might be made to one, both releasing the company, upon a stipulation between the two claimants that such payment would not affect the legal rights of either party to the fund, so that instead of three parties to the controversy there remained but two, one of whom had the fund, which the other claimed, and if the claim was supportable, it could be enforced by an action at law for money had and received to his use. There are no equities to administer or enforce. If the defendant in this proceeding is entitled to the fund, he could have brought his action at law against the insurance company, and if that company had any reasonable doubt as to the rights of the respective claimants, it could have filed a bill of interpleader, but when the claimants agreed to discharge the company upon payment to one of them, under an agreement that the rights of the other should not be affected by such payment, no possible ground for equitable relief arises from that condition. Neither can call upon the other to interplead, and no trust requiring equitable interference has been created by the acts of these parties. The defendant has consented that the insurance company may pay the fund to the com-

plainants if his right of action be preserved—that is, he cannot proceed to enforce his claim against the company, but may against the other claimant who is put in possession of the fund, subject to such lawful claim of the other as he may be able to establish. He may demand it, and upon refusal bring his action at law to recover the money which he claims the complainants refuse to pay over, and the proceeding instituted in the present cause amounts to little more than an ordinary collection suit. The contract in question presents no feature subjecting it to equitable cognizance, no attempt is made to reform it, nor is any discovery prayed, and the defendant has a complete remedy at law. The learned vice-chancellor dismissed the bill of complaint because he determined that the fund belonged to the defendant, and then advised a decree according to the prayer of the defendant's cross-bill. He was clearly right in dismissing the bill of complaint, not for the reason given by him, but because it disclosed no ground for equitable relief, but when he advised a decree in favor of the defendant upon the cross-bill, we think he assumed a jurisdiction which did not exist.

The decree in favor of the defendant will be reversed, and the cause remitted to the court of chancery to be there disposed of in accordance with the view herein expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—11.